IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-30941
Summary Calendar

RODERICK JACKSON

Plaintiff - Appellant

v.

DEPARTMENT OF CORRECTIONS; RICHARD STALDER; VENETIA
MICHAEL; JOHN GOODWIN; ANGIE HUFF; RAY HANSON; LONNIE
NAIL

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-742

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Roderick Jackson, Louisiana prisoner #121179, seeks leave to appeal in
forma pauperis (IFP) following the district court's certification that his appeal
is not taken in good faith. Jackson appeals from the dismissal of his prisoner
civil rights action as frivolous. He challenges Inmate Posted Policy # 43 (IPP

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

#43), which limits the items a prisoner may possess while on disciplinary detention/extended lockdown.

Jackson argues that he was deprived of his rights under the substantive component of the Due Process Clause when he was deprived of his non-complying property, which he alleges he mailed to a relative instead of allowing it to be destroyed. He argues that any postdeprivation remedies under state law were irrelevant to the substantive due process violation. Jackson has not identified any of the items that he was not allowed to possess pursuant to IPP #43, and has failed to indicate a factual basis for his legal action. See Andrews v Collins, 21 F.3d 612, 632 (5th Cir. 1994).

Jackson's IFP motion is denied and his appeal is dismissed as frivolous. See 5th CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Jackson's action. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Jackson is warned that once he accumulates three strikes, he may not proceed IFP unless he is "under imminent danger of serious physical injury." § 1915(g).

IFP DENIED. APPEAL DISMISSED. SANCTION WARNING ISSUED.